# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:08-CR-149

United States of America

v.

Jesus Manuel Flores-Delgado
               Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

  Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 1, 2011 alleging that Defendant, Jesus Manuel Flores-Delgado, violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on July 7, 2009 before The Honorable Marcia A. Crone, United States District Judge of the Eastern District of Texas, after pleading guilty to the offense of Counts 1 and 2 of the Indictment, charging offenses of 18 U.S.C. § 922(g)(5) (Illegal Alien in Possession of a Firearm), and 8 U.S.C. § 1326 (a) (Deported Alien Found in the United States). The offenses carried a statutory maximum imprisonment term of 10 and 2 years' imprisonment, respectively. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of II, was 27 to 33 months. Defendant was sentenced to 33 months' imprisonment on Count 1 and 24 months' on Count 2 (to run concurrently). His imprisonment was to be followed by a two-year term of Supervised Release, subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure, substance abuse testing, and immediately upon release from confinement, the defendant was to surrender to a duly authorized immigration official for deportation proceedings. If ordered deported, defendant was to remain outside the United States. In the event the defendant was not deported, or for any reason re-entered the country after having been deported, the defendant was to comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country.

## II. The Period of Supervision

On February 17, 2011, Jesus Manuel Flores-Delgado completed his period of imprisonment and was deported to Mexico.

### III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on September 1, 2011. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall not commit another federal, state, or local crime. |
| 2. Standard Condition: | | Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. |
| 3. Special Condition: | | As a condition of supervised release, immediately upon release from confinement, Defendant shall surrender to a duly authorized immigration official for deportation proceedings in accordance with established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et sep. If ordered deported, Defendant shall remain outside of the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country. |

The petition alleges that on February 17, 2011, Mr. Flores-Delgado was deported from the United States, and that on June 17, 2011, he was arrested by Beaumont Police officers and charged with possession of a controlled substance and evading arrest, and that he failed to notify the U.S. Probation Office of his arrest. On July 7, 2011, he was indicted by a Federal Grand Jury in the Eastern District of Texas for Illegal Reentry of a Removed Alien.

### IV. Proceedings

On September 30, 2011, United States Magistrate Judge Zack Hawthorn convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments

on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant pled "true" to the Government's third allegation that he violated conditions of supervised release, to wit: "immediately upon release from confinement, Defendant shall surrender to a duly authorized immigration official for deportation proceedings in accordance with established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, Defendant shall remain outside of the United States. Int the event Defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation with 72 hours of release by immigration officials or re-entry into the country." Further, the parties agreed the court should revoke defendant's supervised release and impose a sentence of 6 months' imprisonment, with no term of supervised release thereafter.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, it may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to notify the Probation Officer within 72

hours of being arrested, evading arrest, failing to remain outside the United States, and failing to report to the nearest U.S. Probation Office within 72 hours of re-entering the country, Jesus Manuel Flores-Delgado will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the allegation that he violated a court-ordered condition of supervised release by failing to remain outside of the United States, and not reporting to the nearest U.S. Probation Office within 72 hours of re-entry into the country. Based upon defendant's plea of "true" to the third allegation of the Government's Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade C violation, and defendant's criminal history category is II. Policy guidelines suggest 4-10 months' imprisonment. Defendant did not comply with the conditions of his supervision, and has demonstrated an inability to adhere to conditions of supervision. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that defendant violated a special condition of supervised release by failing to remain outside of the United States by illegally re-entering the country, and failing to report to the nearest U.S. Probation Office within 72 hours of re-entering the country;

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565;

3. Defendant should be sentenced to a term of imprisonment of six (6) months; and

5. Upon release of imprisonment, defendant should not be placed on supervised release.

## VIII.  OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report.  Defendant waived his right to be present and speak before the district judge imposes the recommended sentence.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 5th day of October, 2011.

_____
Zack Hawthorn
United States Magistrate Judge